IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHERRI FOSTER | § | |
| | § | |
| V. | § | A-06-CA-852 AWA |
| | § | |
| MICHAEL J. ASTRUE, | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are: Plaintiff's Brief (Clerk's Doc. No. 14); Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 23);and the Social Security Record filed in this case (Cited as "Tr.").

**BACKGROUND**

Plaintiff is a 45-year-old woman who complains of severe back pain and pain in her right shoulder. The level of pain, she contends, is such that she can no longer work. Plaintiff has a work history dating back to 1978, and has worked as, among other things, an administrative assistant and at the fast-food restaurant Sonic. Plaintiff complains that the pain – sustained in a fall at work in 2002 – is so intolerable that "[i]t is impossible to even put on my clothes . . . everything is impossible." Tr. 97. In addition, Plaintiff complains of depression.

After Plaintiff's application for disability benefits was denied, she filed this appeal presenting for review the following issues: whether the Administrative Law Judge's decision: (1) gave proper weight to the medical opinions available; (2) properly assessed Plaintiff's credibility; and (3) is based on substantial evidence in regard to Plaintiff's ability to perform the jobs cited.

**ANALYSIS**

A. **Weighting of Medical Opinions**

Plaintiff's first argument is that the ALJ did not "present any reason for disregarding" a number of Plaintiff's symptoms, including a psychologist's Global Assessment of Functioning

(GAF) score of 48 (which indicates serious problems). AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 34 (text rev., 4th ed. 2000) ("DSM-IV"). Additionally, Plaintiff complains that while the ALJ found that Plaintiff had only "mild limitations" in her ability to live day-to-day, a doctor employed by the government found that she was moderately limited. Tr. 125, 129-39.

Initially, Plaintiff's argument as to the limitations can be rejected out-of-hand because of the misleading way she "spins" the record. The ALJ did indeed, as Plaintiff states, find Plaintiff's limitations only to be "mild," but so did the state doctor; in fact, the state doctor found Plaintiff to be moderately limited in only 3 of 20 categories, Tr. 125-26, and found her overall functioning to be only mildly limited. Tr. 139. Therefore, Plaintiff's argument is plainly without merit.

The failure to explicitly discuss the GAF score is a more formidable issue. While the ALJ did not mention the GAF score itself, he did mention the report of Dr. Brooks, who determined the GAF score. As noted above, a score of 48 indicates serious problems. However, Dr. Brooks' "Summary and Prognosis" undermine the GAF score of 48. Brooks notes that Plaintiff suffers from "moderate depression" and that "[h]er depression alone does not appear to be so severe that she would be unable to function. She is competent." Tr. 146. Conversely, a GAF score of 48 indicates that, for example, the patient has "no friends, unable to keep a job," and suffers from "serious impairments in social, occupational or school functioning." *See* Boyd v. Apfel, 239 F.3d 698, 702 (5th Cir. 2001). Again, Brooks' assessment is undercut by his notation that since Plaintiff's on-the-job injury she was able to work at a different job for 18 months (until the pain caused her to quit). On top of that, it must be noted that the DSM-IV "is for reporting the clinician's *judgment*", *see* AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 32 (emphasis added), something that is necessarily a subjective inquiry. In fact, the DSM-IV explicitly tells psychiatrists and clinicians, "Do not include impairment in functioning due to physical (or environmental) limitation," instead instructing that the focus be on psychological and

social factors. *Id*. Given that the latter factors are much more malleable and fluid than the former, the objective medical evidence here –which belies a GAF score of 48 – should predominate over Brooks' subjective evaluation. Given the record of the case, as discussed in the ALJ's decision, the lack of explicit mention of Dr. Brooks' judgment regarding the Plaintiff's GAF score was not error.

Moreover, even if it assumed that the ALJ did err by failing to explicitly mention and discuss the GAF score, any such error was harmless. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (applying harmless error analysis in disability benefits context). As noted, the ALJ did analyze Plaintiff's mental health in some detail, using the "the psychiatric review technique," and concluded that Plaintiff had only "mild" limitations in her ability to live day-to-day, function socially, and concentrate. In other words, the ALJ and Dr. Brooks are in substantive agreement on what Plaintiff's functional capacity is – Brooks flatly stated "[s]he is competent." Therefore, it appears that the GAF score of 48 is the outlier, and is inconsistent not only with the other evidence in the record, but also with Dr. Brooks' own diagnosis. Had the ALJ explicitly addressed this issue, the ALJ's conclusion would not have changed.

Finally, in her argument on this point, Plaintiff copies from the medical record, verbatim, some of her subjective complaints to various doctors she has seen. This does amount to a *legal* argument as to why the ALJ erred. And, in fact, the ALJ did take into account the doctor's opinions that Plaintiff cites. For example, Plaintiff twice saw Dr. Chimenti who noted that Plaintiff could return to "light duty" work. Tr. 171, 174. It would be an onerous restriction to require the ALJ to discuss and reject with specific reasons each and every subjective complaint of a claimant; and he need not do so. *See e.g., Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir 1994); *see also Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004) ("And medical opinions upon which an ALJ should rely need to be based on objective observations and not amount merely to a recitation of a claimant's subjective complaints" *citing* 20 C.F.R. pt. 404, sub pt. P, App. 1 § 1.00(B)). Therefore, Plaintiff's argument is rejected.

B.     **The ALJ's Assessment of Plaintiff's Credibility**

On this point, Plaintiff's complaint seems to be that the ALJ simply ruled by fiat that she was not credible, instead of giving a rationale as required by the Social Security Regulations (SSR).[1] However, the ALJ did provide reasons – sprinkled throughout the opinion – as to why he did not fully credit Plaintiff's testimony.  For example, the ALJ noted that Dr. Chimenti recognized that he had been contacted because Plaintiff was "being investigated for possible fraud" related to Plaintiff working a second job while collecting worker's compensation.  Tr. 174.  In addition to the insurance fraud investigation, the ALJ noted that Plaintiff had told Dr. Brooks in 2005 that she was hospitalized for depression in 1998, but there were no medical records to substantiate that, just as there were no medical records for the counseling Plaintiff claimed to have undergone in the intervening years.  Tr. 16.  More saliently, the ALJ specifically noted that "claimant's allegations of limitations are not credible and appear exaggerated for secondary gain on occasion," detailing his finding with a number of examples and citations to the objective medical evidence.  Tr. 17; *see also Heppell-Libansky v. Comm'r of Soc. Sec.*, 170 Fed. App'x 693, 699 (11th Cir. 2006) (affirming ALJ's decision based on the objective medical evidence rather than claimant's subjective complaints).  Therefore, Plaintiff's argument that the ALJ improperly rejected her testimony as not credible is rejected.

C.     **Substantial Evidence of Plaintiff's Ability to Perform Jobs.**

Finally, Plaintiff argues that the ALJ's decision that she could perform the jobs identified by the VE is reversible error.  Specifically, Plaintiff contends that the ALJ did not, as he is required to

---

[1] The applicable regulation, SSR 86-8, provides that:

> The disability determination or hearing decision must be set forth carefully. The rationale must reflect the sequential evaluation process; describe the weight attributed to the pertinent medical, nonmedical and vocational factors in the case; and reconcile any significant inconsistencies. Reasonable inferences may be drawn, but presumptions, speculations and suppositions should not be substituted for evidence.

do, provide an "appropriate rationale with specific references to evidence of record in support of the assessed limitations." Plaintiff's Brief at 12. "Therefore," Plaintiff continues, "the Commissioner has failed to prove that there are jobs Ms. Foster can perform." *Id*. However, Plaintiff does not tell the Court *how* the ALJ failed; rather, she merely cites black-letter law and provides no analysis whatsoever to demonstrate that the ALJ failed to support his vocational conclusions. This will not do, as the Court is not required to do Plaintiff (or her counsel's) work for her, by slogging through the record in an attempt to put meat on the bare bones of this argument. "Inadequately briefed issues are deemed abandoned." *United States v. Stevens*, 487 F.3d 232, 242 n.1 (5th Cir. 2007). Therefore, Plaintiff's final argument is rejected because of her failure to adequately brief that issue.

## CONCLUSION

For the reasons set forth above, the Court **AFFIRMS** the final decision of the Commissioner and **ENTERS JUDGMENT** in favor of the Defendant.

SIGNED this 18th day of September, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE